IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUKE J. SOULE,

                Plaintiff,

v.                                                        OPINION & ORDER

M. POTTS, F. MACKINNON, L.C. WARD,                   16-cv-100-jdp
SARA M. REVELL, and THOMAS R. KANE,

                Defendants.

---

Pro se plaintiff Luke J. Soule is a prisoner in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Oxford Federal Correctional Institution (FCI-Oxford). Plaintiff alleges that BOP personnel wrongfully reassigned him from a Grade 1 work assignment to a Grade 4 work assignment, without due process. The court determined that plaintiff qualifies for *in forma pauperis* status, and plaintiff paid the initial partial filing fee set by the court. Dkt. 4.

The next step is for me to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. When screening a pro se litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). For reasons discussed below, I will dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

ALLEGATIONS OF FACT

I draw the following facts from plaintiff's complaint. Dkt. 1.

Plaintiff used to work in FCI-Oxford's vegetable prep room. On September 2, 2015, his supervisor (not named as a defendant) told him that he was being reassigned to the dining room. Defendants M. Potts, FCI-Oxford's assistant food administrator, and F. Mackinnon, FCI-Oxford's food administrator, made the reassignment. When plaintiff asked defendant Potts why he had reassigned him, he said it was because a correctional officer found onions in the dining room (i.e., someone had stolen the onions). Plaintiff tried to explain that he had nothing to do with the onions, and defendant Potts responded that he did not know which of the six vegetable prep room workers were responsible for the theft so he had decided to reassign all of them. Plaintiff asked if he was going to be able to keep his Grade 1 pay, but defendant Potts informed him that he would not; he would be demoted to Grade 4 pay.

Plaintiff filed an administrative complaint. Defendant L.C. Ward, FCI-Oxford's warden, denied plaintiff's requested relief. Plaintiff appealed the decision, and defendant Sara M. Revell, BOP regional director, affirmed the warden's response. She explained to plaintiff that institution staff have the discretion to make inmate job assignments and that he is not entitled to any specific job assignment.

Plaintiff claims that the reassignment amounts to a disciplinary action, imposed based on an assumption and without due process. He also claims that the decision violated BOP policy 5251.06, which provides that an inmate's performance pay, once earned, becomes vested.

ANALYSIS

Plaintiff brings a Fifth Amendment procedural due process claim against defendants, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] "In *Bivens* the Supreme Court recognized an implied cause of action for damages against federal officers to redress a constitutional violation[.]" *Engel v. Buchan*, 710 F.3d 698, 703 (7th Cir. 2013). Assuming, for purposes of screening, that plaintiff has a cause of action under *Bivens*, his allegations nevertheless do not identify a constitutional violation.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). To state a procedural due process claim, plaintiff must allege that defendants deprived him of some protected liberty or property interest. Cognizable liberty or property interests may arise from the Constitution, state statutes, or "duly promulgated prison regulations." *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982) (citation omitted).

The Constitution itself does not afford plaintiff a protected liberty or property interest in keeping his Grade 1 work assignment. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) ("[N]either Illinois law nor the Due Process Clause itself affords prisoners a liberty or property interest in their jobs."); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) ("Courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest." (citing

---

[1] Plaintiff cannot proceed under 42 U.S.C. § 1983 because defendants are federal, not state, actors. 42 U.S.C. § 1983; *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (stating that "§ 1983 actions may only be maintained against defendants who act under color of state law").

cases)); *James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989) ("Incarceration without being assigned a job is within the sentence imposed upon plaintiffs and there is no indication that it is here otherwise violative of the Constitution. Accordingly, we hold that plaintiffs have no liberty interest in their Federal Prison Industries job assignments arising directly from the Due Process Clause itself." (internal citations omitted)). And so plaintiff must hope that BOP regulations endow inmates with a cognizable liberty or property interest in keeping particular work assignments.

The Seventh Circuit has held that when prison officials are afforded a fair amount of discretion when making work assignments, an inmate does not have a protected liberty or property interest in the assignment. "Only statutes or rules attaching consequences to particular circumstances give prisoners liberty or property interests." *Wallace v. Robinson*, 940 F.2d 243, 246 (7th Cir. 1991). A prison regulation must afford an inmate a legitimate claim of entitlement before it creates a constitutional liberty or property interest. *Id.* When prison personnel may move a prisoner from one job to another for just about any reason, "[a]ny prisoner's interest in the job-of-preference is 'meager, transitory, [and] uncertain.'" *Id.* at 247. "A prisoner whose job assignment may be changed for any reason lacks such a substantive interest, even if the state has promised elaborate procedures before using a particular reason (misconduct) as the basis of action." *Id.* at 248.

Plaintiff cites BOP Program Statement 5251.06, Inmate Work and Performance Pay, as the source of his protected interest. The program statement, which incorporates the applicable federal regulations, provides that "to the extent practicable," all physically and mentally able inmates will participate in an institution's work program. 28 C.F.R. § 545.20(a). And, "to the extent practicable," an institution's warden "may recognize an

inmate's work performance or productive participation in specified correctional programs by granting performance pay." *Id.* § 545.20(b). An institution's Inmate Work and Performance Pay Committee sets the number of pay grades in each work detail, performance standards, and other aspects of the program. *Id.* § 545.22(b). When making work assignments, staff consider "the inmate's capacity to learn, interests, requests, needs, and eligibility, and the availability of the assignment(s)." *Id.* § 545.23(d). And staff consider the institution's security and operational needs. *Id.* All provisions governing performance pay (i.e., pay grades above Grade 4) indicate that an inmate *may* receive performance pay in certain situations. *Id.* § 545.25. The regulations also provide that "[a]n inmate's performance pay, once earned, becomes vested." *Id.* § 545.26(h). This provision does not mean that an inmate has a vested interest in a particular pay rate or position. This does not mean that an inmate may never receive new work assignments with lower pay grades. Although staff may not discriminate against an inmate on the basis of race, religion, sex, national origin, disability, or political belief, nothing in the program statement or the regulations indicate that an inmate may be entitled to a certain work assignment or a particular pay grade.

    Plaintiff has failed to identify a protected liberty or property interest in a work assignment that receives Grade 1 pay. Because "Congress has given federal prison officials full discretion to control these conditions of confinement, . . . petitioner has no legitimate statutory or constitutional entitlement to invoke due process[,]" *Garza*, 688 F.2d at 486, and any expectation that plaintiff might have had of keeping his Grade 1 work assignment does not amount to a protected liberty or property interest. Plaintiff has not stated a Fifth Amendment procedural due process claim.

ORDER

IT IS ORDERED that:

1. Plaintiff Luke J. Soule's case is DISMISSED for failure to state a claim upon which relief can be granted.

2. The clerk of court is directed to close this case and assess plaintiff a strike under 28 U.S.C. § 1915(g).

Entered July 13, 2016.

                                BY THE COURT:

                                /s/

                                _____
                                JAMES D. PETERSON
                                District Judge